Note.—Reported in 206 N. W. 468. See, Headnote (1), American Key-Numbered Digest, Criminal Law, Key-No. 1054(1), 17 C. J. Sec. 3342; (2) Criminal Law, Key-No. 404(4), 16 C. J. Sec. 1229; (3) Criminal Law, Key-No. 1120(6), 17 C. J. Sec. 3464 (Anno); (4) Criminal Law, Key-No. 448(3), 16 C. J. Sec. 1532; (5) and (6) Intoxicating Liquors, Key-No. 224, 33 C. J. Secs. 479, 547; (7) Criminal Law, Key-No. 1172(6), 17 C. J. Sec. 3690, Intoxicating Liquors, Key-No. 239 (2), 33 C. J. Sec. 547; (8) Constitutional Law, Key-No. 84, 12 C. J. Sec. 450; (9) Intoxicating Liquors, Key-No. 236(1), 33 C. J. Sec. 505.

---

MOEN, Appellant, v. FARMERS' IMPLEMENT CO., Respondent.

(206 N. W. 422.)

(File No. 5365.   Opinion filed December 9, 1925.)

1.   **Exchange of Property—Contract—Rescission—Plaintiff Not Entitled to Rescind Contract, and Recover Value of Property Exchanged, Where He Did Not Exercise His Right Promptly After Learning Thereof.**

Plaintiff could not rescind contract for exchange of property, and recover value of property exchanged, where he did not rescind promptly after learning of his right to rescind, but retained property for some length of time, in view of Rev. Code 1919, Sec. 906.

2.   **Exchange of Property—Jury—Counterclaim—Where Issues Raised in Counterclaim by Defendant Were in Dispute, Question Should Have Been Left to Jury.**

In action to rescind a contract for exchange of property, wherein defendant counterclaimed for amount due him under contract, where issues as to counterclaim were in dispute, question should have been left to the jury.

Polley, P. J., dissenting.

Appeal from Circuit Court, Roberts County; Hon. B. A. WALTON and HON. ROBERT D. GARDNER, Judges.

Action by Leonard Moen against the Farmers' Implement Company, wherein the Farmers' Implement Companay pleaded a counterclaim. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Judgment affirmed in part and reversed in part.

*Jorgenson & Anderberg,* of Sisseton, for Appellant.

*A. O. Bunde,* of Sisseton, for Respondent.

GATES, J.   This is an action for the rescission of a contract for the exchange of personal property and to recover the value of the property exchanged by plaintiff, to wit, the sum of $1,300. Defendant, by counterclaim, sought to recover from plaintiff the sum of $330; that being the sum provided in the contract to be paid by plaintiff.   At the close of the trial defendant moved for a directed verdict.   The trial court granted the motion in the following language:

"The evidence on behalf both on the part of the plaintiff and the defendant show two distinct trades or deals.   The first is the trade of an automobile and motorcycle and $330 for the tractor and plows, and there is no evidence of any failure of consideration in any material respect.   So far as that deal is concerned, there can be no recovery by the plaintiff.   The evidence shows that the defendant was at all times able and willing to put on the missing parts and so that leaves the trade of the Bull tractor and the player piano to be considered only.   In that regard I do not believe the plaintiff is entitled to recover.   The undisputed evidence is that the player piano was delivered to the defendant, and he kept it until sold, and there is no evidence of a demand or a rescission being made, until after he disposed of it, and I am of the opinion that the rescission, if any, in fact, was made, the demand for rescission was not made promptly.   Under section 906 of the statute governing rescissions, he might rescind promptly upon discovering the facts which entitled him to rescind, if he is free from duress, menace, and undue influence, and there is no claim that he was under either duress, menace, or disability, and aware of his right to rescind.   S. R., p. 108.   The evidence shows that he was fully aware of the fact long before the fall of 1920, and, such being the case, I believe it is the duty of the court to direct the jury to return a verdict in favor of the defendant upon all the issues, and the court does direct the jury to return a verdict for the defendant in this case."

Whereupon the jury by direction of the court returned a verdict for defendant in the sum of $376.20.   Plaintiff appeals from the judgment and order denying a new trial.

[1, 2]   We are of the opinion that the trial court did not err in determining that plaintiff was not entitled to recover under his cause of action because he had not timely exercised his right of rescission.   But we believe the court erred in directing a verdict for defendant upon the counterclaim.   As to the issues thereunder, there was a dispute, and such question should have been left to the jury.

The judgment, in so far as it denied plaintiff relief under the main cause of action, is affirmed, but, in so far as it granted defendant relief under his counterclaim, is reversed, and the cause is remanded, with directions to try the issues raised by the counterclaim with leave to plaintiff to plead and prove his damages, if any, by reason of a claimed nonperformance of the contract by defendant.   No costs will be taxed in this court.

POLLEY, P. J. (dissenting).   I am not able to agree with the conclusion reached by the majority of the court.   In the first place this is not a suit for rescission at all.   The property that had been traded to defendant by plaintiff had been sold almost immediately after delivery, and rescission was impossible, and the suit was brought to recover the value of such property.   Plaintiff testified that defendant agreed to make certain repairs on the tractors and plows, and that he relied on such agreement when he entered into the agreement, but that such repairs were never made, and that it was because of this fact that he did not pay the $330.   This presented an issue of fact that should have been submitted to the jury and it was reversible to direct a verdict for defendant.

Note.—Reported in 206 N. W. 422.   See, Headnote (1), American Key-Numbered Digest, Exchange of Property, Key-No. 11, 23 C. J. Sec. 50;  (2) Exchange of Property, Key-No. 13(4), 23 C. J. Sec. 81.